JOURNAL ENTRY and OPINION
Cashelmara Condominium Owners' Association, Inc. appeals from a decision of the common pleas court granting summary judgment in favor of Dennis and Janice Woods in connection with its claim for an award of attorney fees, and Woods cross-appeals contending the court erred in entering summary judgment in favor of Cashelmara on their counterclaim for negligence concerning the installation of replacement doors and windows. After a careful review of the record, we affirm the judgment of the trial court.
On February 16, 1998, the Board of Managers of the Cashelmara Condominium Association voted to undertake replacement of the windows and doors in the condominium complex. Woods contended the repairs were unnecessary and asserted that the contractor, Marous Brothers Construction, Inc., overcharged for the work. Seeking to hire his own contractor, he denied Marous access to his condominium unit. Thereafter, on October 19, 1998, Cashelmara filed a complaint and a motion for temporary restraining order to gain access to Woods' condominium and make the repairs. The next day, however, the parties entered into a stipulated judgment entry to avoid the necessity of a hearing, and Woods agreed to permit the Marous Brothers into his condominium. The stipulated journal entry stated in part, the following with respect to attorney fees:
 IT IS FURTHER AGREED that Plaintiff's claims for attorneys' fees, costs and expenses incurred in connection with this action * * * shall be submitted to the Court for determination unless the parties can further stipulate as to a disposition of these matters.
On February 1, 1999, the Woods filed an answer and counterclaimed asserting that if the windows and doors were defective, such had been caused by the negligent conduct of the association in retaining or supervising the installation. Cashelmara moved for summary judgment both on the attorney fees issue and on the negligence counterclaim. Woods also moved for summary judgment arguing on the attorney fees issue claiming Cashelmara had no right to collect a fee because the by-laws of the Association only provided for the right to recover attorney fees arising from a default assessment.
On February 3, 2000, the court granted Cashelmara's motion for summary judgment on the negligence counterclaim, but denied its request for attorney fees. Both parties now appeal. Cashelmara asserts two assignments of error which pertain to the issue of attorneys fees. They state:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR ATTORNEYS' FEES.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES.
Cashelmara argues the court erred in denying attorney fees because the by-laws and stipulated entry of dismissal provide the basis to award fees in this instance. Woods maintains the court properly granted them summary judgment because the by-laws and declaration do not permit attorney fees. The issue here concerns whether the court properly granted judgment on both motions.
We begin by noting Civ.R. 56(C) provides in relevant part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. Willis Day Warehousing (1978),54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
The subject of whether attorney fees can be recovered by a condominium association has been addressed by the court in Nottingdale Homeowners' Association Inc. v. Darby (1987), 33 Ohio St.3d 32, where the court stated in its syllabus:
 Provisions contained within a declaration of condominium ownership and/or condominium by-laws requiring that a defaulting unit owner be responsible for the payment of attorney fees incurred by the unit owners' association in either a collection action or a foreclosure action against the defaulting unit owner for unpaid common assessments are enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable * * *.
Further, Article VII of Cashelmara's by-laws provide:
 Section 6. Remedies for Failure to Pay Assessments. If an Owner is in default of the monthly payment of any of the aforesaid charges or assessments for common expenses for thirty (30) days, the Members of the Board may bring suit for and on behalf of themselves and/or as representatives of all Owners and/or on behalf of the Association, to enforce collection thereof or to foreclose the lien therefor as provided in the Declaration. There shall be added to the amount due the costs of said suit, together with interest at the highest legal rate and reasonable attorneys' fees to be fixed by the court.
In this case, Cashelmara seeks to recover its attorney fees for what it believes to be recalcitrant behavior by Woods in refusing permission to enter his condominium unit to facilitate repairs. The facts before us reveal that the association incurred its legal expenses in obtaining a stipulated journal entry allowing access to Woods' unit to make the repairs. That entry, however, does not provide that Woods agreed to pay attorney fees to Cashelmara. Rather, it states, that claim for attorneys * * * shall be submitted to the court for determination * * *. Here, the court declined to make the award based in part on the contractual language of the association by-laws which do not provide for an award of attorney fees in this instance.
Our review reveals that the Nottingdale case is distinguishable from this case because there, the court referred the award for, either a collection action or a foreclosure action against a defaulting unit owner for unpaid common assessments. We did not have that circumstance in this case. The trial court's determinationis fully supported by the record presented to us and we do not, therefore, believe these assignments of error are well taken.
The Woods cross-appeal assigning the following as error with respect to their counterclaim:
 III. THE TRIAL COURT ERRED BY ENTERING SUMMARY JUDGMENT IN APPELLANT'S FAVOR WITH RESPECT TO APPELLEE' COUNTERCLAIM.
Woods argues in his cross-assignment of error that the court erroneously denied his counterclaim for negligence because he asserts that the repairs were unnecessary, that Cashelmara failed to maintain and repair the condominium, and that it negligently supervised the contractors. Cashelmara urges that Woods cannot prove negligence and that the counterclaim is barred by estoppel. This assignment of error is not well taken. The stipulated judgment entry in this case states in relevant part:
 * * * Dennis Woods and Janice Woods * * * recognize their obligations under the Declaration * * *, and hereby grant access to their unit for purposes of doing necessary maintenance and repair work to the Condominium Property.
In that entry, Woods conceded that the repairs were necessary, and he cannot now maintain that they were not. Accordingly, we have concluded the trial court correctly granted summary judgment, and this assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that parties are to bear their respective costs.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR